## Searcy v. Three Point Coal Co.

Dec. 1, 1939.

George R. Pope for appellant.

H. C. Gillis for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Henry Searcy, the husband of the appellant, was killed by a slate fall in the mines of the appellee, Three Point Coal Company, on December 10, 1936. A few days after he was killed the company paid the appellant $1400 in settlement of her claim on account of his death. This sum was paid by a check drawn on the company's compensation fund.

On May 10, 1937, the appellant filed her claim for compensation with the Workmen's Compensation Board and on July 24 introduced part of her proof and was given 30 days to complete her proof by depositions. At the same time appellee was given 10 days thereafter for rebuttal. The remainder of appellant's evidence in chief was taken on August 10. The only issue in the case was whether or not the deceased, Searcy, had signed the company's compensation register. A number of witnesses testified for appellant that Searcy signed the company's compensation register at the main office of the company in the room of the script writer, Clarence Middleton. These witnesses all stated that they were present when Middleton produced the compensation register, told Searcy what it was and had him to sign it.

On November 29 the appellee had taken no proof and on that day appellant made a motion to submit the case. This motion was not sustained and on December 6 appellee moved for an extension of time to permit it to take certain depositions and on the next day the Board gave appellee 30 days for that purpose. By later order appellant was given 10 days for rebuttal. Appel-

lee completed the taking of its depositions in chief on January 12, 1938. Clarence Middleton, whom appellant's witnesses say produced the register for Searcy to sign, testified that he never at any time kept the compensation register or had anyone to sign it. He and other witnesses introduced by appellee state that the register was never kept at the main office but was always kept at the drift mouth of the mine on the hill. Witnesses for the company produced the register, which they claim was the only register used during the time in controversy, and which did not contain Searcy's name.

Rebuttal evidence taken by appellant on January 26, 1938, consisted of the testimony of a number of witnesses, most of whom had testified in chief, and was to the effect that the company never kept a compensation register at the drift mouth of the mine on the hill, but always kept it at the main office.

On March 1, 1938, the Board entered an order submitting the case for opinion and judgment and on July 6 a referee rendered an award of $4000 subject to a credit of $1400 theretofore paid. On July 9, appellant filed a motion for a full board review and on August 15, made a motion to be allowed to take further proof. The motion filed before the Board for an extension of time in which to take rebuttal testimony is signed by an attorney for the company and while it contains a place for an official of the company to verify it as an affidavit and also contains a jurat, is, according to the record before us, not signed by the company official nor does it contain a notary public's signature. The only excuse offered by this motion for failing to take this proof between January 26 and July 9, the date of the award by the referee, is as follows:

"The writer of this motion was not employed in this case until after the award by the Referee had been handed down, and it has been suggested to the Board heretofore and some time prior thereto that Mr. Dotson attorney for the defendant, was seriously ill and unable to prepare his case properly and he is still unable to transact any kind of business and is confined in a hospital and has been for some time unable to even consult with his client or associate counsel in regard to further preparation of the case."

The additional evidence which the appellee desired

to take on the full board review was the testimony of a large number of witnesses who had signed the compensation register to show, in rebuttal of appellant's testimony that the register was kept at the main office, that in fact it was always kept at the drift mouth of the mine. The Board overruled appellee's motion to take further proof and rendered an award confirming the award of the referee. The appellee filed an appeal in the Harlan Circuit Court and that court entered an order remanding the case back to the compensation board with directions to it to permit appellee to take further proof and directing the Workmen's Compensation Board to set aside the award. This appeal is prosecuted from that order.

The appellee filed in this court a motion to dismiss the appeal on the ground that the order appealed from is not a final order. This motion was passed to the merits and is now to be determined.

It is appellee's position that the order appealed from is purely interlocutory since the trial court has a right to remand a case to the Workmen's Compensation Board and because the order does not operate to divest the appellant of any right.

There is no doubt as to the general principle contended for by appellee that the trial court in a proper case has a right to remand a case to the Workmen's Compensation Board. Green River Fuel Company v. Sutton et al., 260 Ky. 288, 84 S. W. (2d) 79, 81. In that case, in which compensation had been denied by the Board, the circuit court remanded the case to the Board with directions to make an award in compliance with the statutes by separating findings of law and fact. This was held not to be a final order and therefore not appealable, but the distinction between that case and the instant case is clear. No award had there been rendered against the company and the award in its favor made by the Board was not ordered to be set aside by the Board. The company therefore had not been divested of any rights it acquired under the award and, nothing having been adjudged against it, no appeal laid from the order. The remand was merely to compel the Board to separate findings of law and fact as required by law to do. In that case, we said:

"A final order or judgment from which an appeal lies either terminates the action itself or oper-

ates to divest some right in such manner as to put it out of the power of the court making the order after the expiration of the term to place the parties in their original condition.''

But here, as the Board has made an award in favor of appellant, it is clear that the order directing the Board to set aside the award did divest the appellant of a right in such manner as to put it out of the power of the court after the expiration of the term to place the parties in their original condition. We are of the opinion that the order in question was a final order and subject to appeal. The motion to dismiss is therefore overruled.

We are thus brought to a consideration of the question whether or not the trial court was in error in remanding the case to the Board with directions to set aside the award and permit appellee to take further proof and in doing so it seems necessary only to determine whether or not the Board abused its discretion in refusing to grant further time for the taking of proof by reason of the showing made by appellee in its motion.

Necessarily the Workmen's Compensation Board, or any other tribunal, in which is vested by law the power to hear evidence and make decisions thereon, has the power to compel the taking of evidence before it within reasonable limits of time and this power should not be subject to the control of courts unless such tribunal acts in an arbitrary or unreasonable manner such as to indicate an abuse of discretion. One of the cardinal purposes of the compensation act is to facilitate the hearing of these claims speedily and in an informal manner and in carrying out this purpose of the Act the Board is necessarily vested with authority to require proof to be taken promptly. By Section 4933, Kentucky Statutes, the Board is authorized to hear the parties and ''determine the dispute in a summary manner.''

It appears to us from an examination of the record that the Board did not act arbitrarily or abuse its discretion in refusing the extension of time sought by the company. The appellant completed the taking of her evidence in chief in August, 1936, and the company was guilty of dilatory tactics in failing to take its proof for more than three months. Notwithstanding this, the claimant's motion to submit was overruled and the company given time to take its proof. In appellant's origi-

nal evidence the showing was made that the compensation register was signed at the company's main office. It seems to us, that, in view of this evidence, the company should have in diligent preparation of its case, introduced its witnesses to show that the compensation register was not kept at the main office. Further, appellant's rebuttal proof that the register was not kept at the drift mouth of the mine on the hill but at the main office was taken on January 26 and appellee permitted the case to remain in this shape without taking any further proof until after the referee had made an award on July 6. Then, although the motion for full board review was made on July 9 the company waited until August 15 before making the motion for extension of time to take proof.

In the circumstances disclosed it was incumbent on the company, in applying for additional time to take proof, to make a showing before the Board that something in the nature of a casualty or misfortune was the cause of this delay. The language of the motion, above quoted, was not sufficient to do so. We are unable to tell therefrom the length of time Mr. Dotson was ill and unable to prepare the case. It merely appears that for some time prior to August 15 he was unable to do so. We are clearly unable to indulge the presumption that he was disabled as far back as January or February at which time this proof should have been taken by the company. It appears to us that the Board, in the circumstances and in view of the showing made, was clearly justified in denying further delay. This being true, the circuit court was without power to control a discretion of the Board, which it had not abused. The circuit court may, in a proper case, where the Board has arbitrarily refused to permit evidence to be introduced, set aside an award and remand the case to enable a party to produce his evidence but may not wrongfully adopt this procedure when every opportunity has been afforded by the Board for proof to be taken, and when the Board has exercised a reasonable discretion in denying an extension of time for taking proof.

We come now to a consideration of the question whether or not there was any evidence to justify the finding of the Board that the deceased had accepted the provisions of the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., by signing the compensation register. We have repeatedly held that a de-

cision of the Board on the facts will not be disturbed if there is any legal evidence to sustain it, no matter how strongly the proof may preponderate against the Board's finding. See Black Mountain Corporation v. Stair, 271 Ky. 658, 113 S. W. (2d) 17, and cases therein cited. It is urged by appellee that the evidence of several witnesses for appellant, who testified that they saw Clarence Middleton produce the compensation register and tell the deceased what it was and have him sign it in their presence, is no substantial evidence that the register was signed by him because, when the register was produced, it did not contain his name. We are unable to agree with this contention. Although a register was produced by the company which did not contain the deceased's name and it is testified that this was the only register kept by the company, nevertheless it is not impossible that it had more than one register nor is it impossible that the name of the deceased could have been erased from the register in such a manner as to make it impossible to tell from an inspection of the register that this had been done. We may frankly state that we have grave doubt as to the truth of the testimony of the witnesses who stated they saw deceased sign the register, and, were we as an original proposition called on to decide this issue of fact, we would find that the register was not signed by the deceased. This, however, does not justify us in holding that the board did not have some evidence that the register was signed. We are clearly of the opinion that the Board did have before it some evidence that the deceased had accepted the provisions of the Compensation Act and, this being true, we are powerless to disturb the finding of the Board.

Judgment reversed with direction to enter a judgment confirming the award of the Workmen's Compensation Board.