## Elkhorn Coal Co. v. Bates et al.

February 13, 1951.

Rehearing Denied March 23, 1951.

S. M. Ward, Judge.

Craft & Stanfill for appellant.

Harry M. Caudill for appellee.

JUDGE MOREMEN—Affirming.

Appellee's decedent, Henry Bates, was injured while working for appellant corporation, Elkhorn Coal Company, on the 13th day of May 1948. Both parties had accepted the provisions of the Workmen's Compensation Act. Henry Bates was the operator of a motor used for hauling coal from the mine, and on the day of the accident, while making a trip in the mine, slate fell upon him with the result that he was partially knocked from the motor with his leg caught against the starter box and he was dragged a distance of about 110 feet before the motor was stopped. He was treated for his injuries and was paid temporary total compensation by the appellant for 7-5/7 weeks at the end of which time he signed Form No. 18, a final settlement receipt. He worked for a period of about three months, and thereafter was unable to work longer.

On the 25th day of March, 1949, Henry Bates filed an application for adjustment of claim on form No. 11, which was duly verified by the applicant. On April 12, 1949, appellant filed a pleading which was styled, "Response to plaintiff's motion to re-open," in which it was stated that Bates fully understood at the time he signed Form No. 18 that he was making a complete and full settlement for the injury he had sustained, and further stated that Bates had made no showing of change of conditions, mistake or fraud. The Board treated dedecent's application as a motion to re-open the case, sustained the motion, and referred the cause to a referee for the reception of proof.

Henry Bates died on May 20, 1949, and his widow filed an amended application. A hearing was held before the referee on the 1st day of July 1949, at which time appellee introduced four witnesses, three of whom were workmen at or near the scene of the accident at the time of decedent's injury, and the fourth was Dr. B. F. Wright, a physician who operated the Seco Hospital at Seco, Ky. Thereupon appellee closed her case in chief and appellant was given forty-five days in which

to complete its case by depositions. During the forty-five day period appellant took no depositions, nor did it give any notice of its intention to take depositions, and on August 18, 1949, appellant filed response to appellee's motion to submit in which it was stated that it had not been able to prepare its case within the time allotted by referee's order and the board thereafter overruled said motion and ordered the case submitted for final opinion and judgment on September 20, 1949.

We will quote from appellant's brief a statement of subsequent, procedural developments:

"The appellant then moved the Board to set aside its order of submission of September 20th, due to the fact that the decedent, Henry Bates, was examined by one Dr. J. P. Hurd of Louisville General Hospital, and later died in the Louisville General Hospital. The appellant requested Dr. Hurd to furnish it with a statement of the cause of death of the decedent, Henry Bates, but the doctor refused to give such a report unless the written consent of the appellee, Ida Bates, was furnished to the doctor. On August 22nd, 1949, at the request of the attorneys for appellant, the attorney for appellee wrote a letter in which he authorized Dr. Hurd to give to the appellant the necessary reports. Upon presenting this letter to Dr. Hurd, he again refused to give the appellant a written report, or to testify.

"The appellee, Workmen's Compensation Board, again overruled defendant's motion for an extension, giving as their reason, that the aforesaid letter was not filed or made a part of the record. Thereupon, the appellant again renewed its motion and filed and made a part of the record the aforesaid letter, and also filed a subpoena which was served upon Dr. J. P. Hurd and Edith Fry, the Librarian for the Louisville General Hospital, together with an affidavit of the deputy sheriff who served the subpoena, and further stated that neither Dr. Hurd, nor Edith Fry appeared at the time called for in the subpoena, and again refused to divulge the records or testify.

"The Board again overruled the appellant's motion without giving any reason for so doing. This cause was then submitted to a referee and an opinion was handed down by the Hon. J. Keller Whitaker, in which

he held that Henry Bates' death was the direct and proximate result of the injury, and that the plaintiffs were totally dependent upon the deceased.

"The appellant then moved the Board, within seven days, for a Full Board review of the opinion, and also filed a motion requesting that the Board require Dr. J. P. Hurd of Louisville, Kentucky, to testify before it. A Full Board opinion was handed down by Allen P. Cubbage, the Chairman of the Board, in which he overruled the appellant's motion to have Dr. Hurd appear and testify, and in so holding, stated that steps could have been taken within the period allowed by the Board to compel his attendance, and these steps were not taken. Within twenty days after the rendition of the Full Board award, the appellant filed petition for review in the Letcher Circuit Court. That Court sustained the opinion of the Workmen's Compensation Board; exceptions were saved, and an appeal to this Court was requested and granted."

Appellant contends, first, that the Board erred in treating Form No. 11 as a motion to reopen the case under KRS 342.125, and insists that in the absence of a motion supported by the affidavit of a physician or his own affidavit in which it is alleged that there had been a change of condition brought about by the accident, that this cause should have been dismissed by the Board. KRS 342.125 reads: "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

In support of its contention that the requirements of this statute were not met, appellant relies upon the case of W. E. Caldwell Co. v. Borders, 301 Ky. 843, 193 S. W. 2d 453, 454, wherein it was held that where a claimant filed a motion to reopen a case, accompanied with an affidavit of a physician (Dr. Johnson) who had never

treated claimant, on the ground of a change in condition which was denied by defendant, burden was on claimant to prove not only a change in condition but also that such change was a direct and proximate result of the injury theretofore received.

In the Caldwell case, the Board overruled claimant's motion to reopen the case, but we find nothing in the opinion which indicates it is incumbent upon claimant to prove his case by affidavits attached to his motion to reopen, which seems to be the theory advanced by appellant. We said: "Looking at the Board record alone it will be perceived that, notwithstanding defendant denied the grounds for a review set out in plaintiff's motion, no evidence whatever was introduced before the Board save the affidavit of Doctor Johnson; the plaintiff's affidavit being no more—even if it contained matter authorizing a review—than a pleading by him which defendant's denial put in issue, thereby casting the burden on plaintiff to prove, not only a change in condition, but also that such change was a direct and proximate result of the injury he received."

In the case at bar, claimant filed Form No. 11, which was verified by him, and the Board treated it as a motion to reopen the case. Form No. 11 is a printed form, entitled "Application for Adjustment of Claim," and contains suitable blank spaces within which limitations the applicant may supply information germane to his particular case. After furnishing formal facts, Henry Bates made the following statements: Under paragraphs,

II—"The employer has paid plaintiff compensation in the sum of $138.85. The employer (defendant) denies all further liability whatever. Plaintiff claims he is totally and permanently disabled and claims compensation therefor."

III—"Severely crushed chest; injured lower left extremity and right hip; lower spine badly injured and crushed; severe heart condition has resulted from accident. Plaintiff can perform no labor."

IV—"Plaintiff is totally disabled from all labor solely as a direct and proximate result of the injury complained of herein. Said accident occurred during regular course of plaintiff's employment. Plaintiff

worked regularly and enjoyed excellent health prior to said injury.''

The Board believed this affidavit by Bates to be sufficient to cause an inquiry to be made concerning whether or not the award should be diminished or increased under KRS 342.125, and entered the following order:

''It is ordered and adjudged by the Board, that the motion to reopen filed herein March 30, 1949 be, and the same is hereby sustained.

''It is further ordered that the above styled action be referred to a Referee for the reception of proof.''

It is plain this order did not increase or diminish or end a previous award. It set into operation the machinery by which it might be determined whether or not the award should be made. We reiterate, the statute provides that the Board: ''Upon its own motion or upon the application of any party interested *and* a showing of change of conditions * * *,'' may change the award previously made.

After the inquiry began and at a hearing before the referee, appellee by competent proof showed that there had been a change of condition and that it resulted directly from the accident.

We have heretofore pointed out that the initial order under KRS 342.125 (4902) may be only an interlocutory order. In the case of Black Star Coal Co. v. Powers, 252 Ky. 736, 68 S.W.2d 30, 32, motion was made to set aside an award and for a full Board review. On September 6, the Board sustained the motion for a full Board review. Additional proof was taken, and in its final order the Board set aside its order of September 6, under all the proof before it, and sustained the award by the referee. Of this method of procedure, we said: ''Section 4902 (now KRS 342.125) has no application to the facts presented here. The order of the Full Board on September 6 was simply an order opening the case and permitting additional evidence to be introduced. This was simply an interlocutory order, and, when it was subsequently shown that this new evidence would have no effect upon the case, it was within the power of the Board to set it aside and enter judgment upon the whole case.''

We are of the opinion that the Board was well within the channel of its power when it treated Form No. 11 as a motion to reconsider the award.

Appellant contends, second, that the Board erred in not allowing appellant additional time in which to complete its case by deposition.

In the case of Searcy v. Three Point Coal Co., 280 Ky. 683, 134 S.W.2d 228, 231, we defined the broad power of the Board to control the proceedings before it, saying: "Necessarily the Workmen's Compensation Board, or any other tribunal, in which is vested by law the power to hear evidence and make decisions thereon, has the power to compel the taking of evidence before it within reasonable limits of time and this power should not be subject to the control of courts unless such tribunal acts in an arbitrary or unreasonable manner such as to indicate an abuse of discretion. One of the cardinal purposes of the compensation act is to facilitate the hearing of those claims speedily and in an informal manner and in carrying out this purpose of the Act the Board is necessarily vested with authority to require proof to be taken promptly. By section 4933, Kentucky Statutes, the Board is authorized to hear the parties and 'determine the dispute in a summary manner.' "

In the instant case, the appellant was allowed forty-five days within which to prepare and present its case to the referee. During that period appellant made no attempt to take proof, produce witnesses, or to coerce the attendance of any witnesses. There is no showing that casualty or misfortune prevented the preparation of appellant's case. We are of the opinion that the Board did not act unreasonably in refusing to grant additional time or in its failure to coerce the attendance of Dr. Hurd, when no attempt to obtain his testimony had been made during the forty-five day period allowed appellant for the purpose of presenting its case.

Judgment affirmed.