**SHACKELFORD v. SHACKELFORD et al.**

Court of Appeals of Kentucky.

Jan. 23, 1953.

C. A. Noble, Hazard, for appellant.

Craft & Stanfill, Hazard, for appellee.

MOREMEN, Justice.

The only question presented by this appeal concerns whether or not the Workmen's Compensation Board abused sound discretion when it struck from the record and refused to consider certain proof offered by appellant in support of his claim for compensation against appellee, Shackelford Coal Company.

The record discloses this chronicle:

April 9, 1948, appellant was injured;

August 6, 1948, application for adjustment of claim was filed;

October 15, 1948, parties agreed that case be presented by depositions;

March 28, 1949, appellant took depositions, but did not file them with board;

March 2, 1950, Board informed appellant by letter:

"Unless a motion to this board requesting extension of time, is received, by the next meeting of date March 21, 1950, the board of its own motion will enter an order, ordering plaintiff's case closed in chief";

March 21, 1950, Board ordered appellant's case be closed because no motion had been received;

April 8, 1950, appellant and appellee stipulated that order of Board entered March 21, 1950, be set aside; that depositions taken March 29, 1949, be considered as evidence on behalf of appellant, and that a written report of Dr. Dana Snyder be considered as being competent evidence;

April 10, 1950, stipulation, depositions and statement filed with board;

August 15, 1950, referee struck depositions from record and dismissed appellant's claim;

November 1, 1950, board approved action of referee;

November 27, 1950, Circuit Court dismissed petition for review.

The Workmen's Compensation Board, like other tribunals that are vested with power to hear evidence and base decisions thereon, has the power to compel the presentation of evidence within reasonable limits of time. The courts will not interfere with the exercise of this power unless

504

it is plain that the tribunal has exercised this right in such an arbitrary or unreasonable manner as to indicate an abuse of sound discretion. Searcy v. Three Point Coal Co., 280 Ky. 683, 134 S.W.2d 228. In Elkhorn Coal Co. v. Bates, 314 Ky. 837., 236 S.W.2d 946, we approved the action of the Board in refusing to extend a forty-five day period for preparation of the employer's case, where there was no showing casualty or misfortune had intervened. The Act, KRS 342.275, provides that the parties at issue shall be heard and the dispute determined in a summary manner.

▪ We find nothing in the record that indicates the Board acted unreasonably, and certainly the parties had no power to rescind the Board's order by stipulation.

The judgment is affirmed.