Wayne CORNETT, Appellant,

v.

CORBIN MATERIALS, INC.; Special Fund; Suzanne Shively, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 90–SC–930–WC.

Supreme Court of Kentucky.

April 11, 1991.

ment of Workers' Claims issued a scheduling order on May 31, 1988, setting a prehearing conference for September 22, 1988, and assigning the case to an Administrative Law Judge (ALJ). The order also provided claimant 60 days from the date of the order in which to take proof, those opposing the claim 30 days thereafter, and claimant 15 days thereafter for rebuttal.

The claimant's proof time expired on July 30, 1988, at which time he had submitted no proof. Furthermore, claimant failed to respond to a March 2, 1988, request from Corbin Materials to send copies of any medical reports, even though claimant was examined by Dr. Rapier on May 2, 1988, and a report was made about that time. 803 KAR 25:011 § 5(4).

On August 3, claimant made a motion that he be permitted to file Dr. Kovacs' medical report and to have it treated as evidence in the case. This report, however, was not submitted on Form 107 as required. 803 KAR 25:011 § 13(2); KRS 342.033. On August 4, claimant made a motion for a three-day extension of his initial proof time to and including August 3. This motion was made five days after the expiration of claimant's proof time. On August 11, Corbin Materials filed a motion to dismiss for claimant's failure to file any medical evidence supporting his claim until after his proof time had expired. Corbin Materials also noted that claimant had not filed his work history or medical history forms with the Board as required with the application for adjustment of claim. 803 KAR 25:011 § 5(a) and (b). These forms were subsequently received by the Department of Workers' Claims on August 15.

John S. Sowards, Jr., Tim Wilson, Wilson & Stanley, Lexington, for appellant.

Thomas L. Ferreri, John W. Hardin, Lexington, for Corbin Materials, Inc.

Mark C. Webster, Special Fund, Labor Cabinet, Louisville, for Special Fund.

## OPINION OF THE COURT

Claimant filed an application for adjustment of claim with the Workers' Compensation Board (Board) on January 20, 1988, for a cervical sprain alleged to have occurred in the course of his employment with Corbin Materials, Inc. The Depart-

The ALJ issued an opinion and order denying claimant's motions to permit the filing of Dr. Kovacs' report and for an extension of time. The opinion and order also granted Corbin Materials' motion to dismiss the claim for lack of prosecution. Claimant's petition for reconsideration and supplemental petition were denied. The Board and the Court of Appeals affirmed the ALJ's dismissal. Claimant brings an appeal in this Court as a matter of right.

The claimant maintains that there exists a conflict between the workers' compensation statutes and the procedural regulations adopted thereunder by the Workers' Compensation Board. KRS 342.270(2) provides that a prehearing conference shall be held as soon as practicable after the application for benefits has been received by the Commissioner. Paragraph (3) of that section explains the purpose of the prehearing conference to define and narrow the issues, discuss settlement, and to consider other relevant matters that may aid in disposal of the case. KRS 342.275 provides that where a settlement cannot be reached, the ALJ shall hold a hearing on the matters at issue within 60 days from the date of the prehearing conference. Claimant contends that the mandatory language contained in these statutes requires a prehearing conference and hearing even if no proof has been submitted pursuant to the scheduling order.

Claimant notes that 803 KAR 25:011 § 5(4) provides that the parties may take discovery and proof for 60 days from the filing date of the application, but does not require it, and that KAR 25:011 § 8(7) allows for the taking of additional discovery or proof by deposition between the time of the prehearing conference and the hearing. Claimant argues then that nothing under the Act nor the regulations requires the submission of evidence during the initial proof period, and that, therefore, a party may submit his entire case at the hearing. We agree with the ALJ, the Board, and the Court of Appeals that such a course would totally undermine the purpose and policy guiding the present system.

We quote with approval the historical background of the new workers' compensation rules and procedures as outlined by the ALJ below.

At the conclusion of the 1986 legislative session, the General Assembly petitioned then Governor Martha Layne Collins to appoint a task force to study the Workers' Compensation program of this state and make recommendations for resolving the problems confronting the program. The Governor appointed a task force which spent 18 months hearing testimony and investigating the program. One of the most frequently expressed complaints was that it took too long to process a claim. In response to this complaint, the task force proposed legislation in which certain time constraints were set for claim processing. The General Assembly in turn passed the legislation and much of it became effective on October 26, 1987 when the bill was signed.

Beginning in January, 1988, with the appointment of a new Board, the system was changed to comply with the mandate of the General Assembly and the suggestions of the task force. The new rules of procedure, contained at 803 KAR 25:011, make it quite clear that only in the most unusual circumstances will an extension of time to take proof be tolerated and then only after a detailed explanation of why the extension is essential.

The new rules of procedure went into effect on April 15, 1988, were published in the Administrative Record on May 1, 1988, and are now the only rules to be used in processing a claim. It is incredible to me that three months after these rules went into effect, counsel for the plaintiff was not familiar with the rules and did not make timely and diligent efforts to take discovery or proof. Under very similar circumstances, the Court of Appeals approved a refusal of the Workers' Compensation Board to grant additional time, *Elkhorn Coal Co. v. Bates*, 236 S.W.2d 946, 949 (1951) and therefore the plaintiff's motion for an extension of time is OVERRULED.

Claimant's position that a party may wait out the proof period and present all evidence at the hearing is in conflict with the goals of the program which are to encourage the early disposition of a claim. The provision allowing *additional* discovery or proof by deposition between the time of the prehearing conference and the hearing presupposes that the initial proof has been submitted. 803 KAR 25:011 § 8(7). Claimant also relies upon the comments to KRS 342.275 contained in *1987 Kentucky Workers' Compensation Law*, 1988 Senator H.

Edward O'Daniel, Jr., where it is stated that,

> Practicing workers' compensation cases under the previous law usually meant taking medical testimony by deposition after the hearing date. The reverse should be routine under the new law. In most instances where medical reports are unavailable or inadequate at the prehearing conference, there will be ample time to complete all deposition proof by the date of the hearing.

Claimant relies upon this statement as a strong indication of legislative intent that evidence should be submitted at the hearing. However, this statement also presupposes the taking of proof prior to the prehearing conference for it contemplates the *completion* of proof where medical reports are unavailable or inadequate. The 60/30/15 day schedule for taking proof contained in 803 KAR 25:011 § 5(4) is the only provision relating to the taking of proof absent the exception contained in § 8(7) for the taking of *additional* proof after the prehearing conference upon a showing of good cause and the allowance for the *completion* of proof at the hearing, 803 KAR 25:011 § 10(1).

In a well-reasoned opinion, the ALJ held as follows:

> It is clear that the burden rests upon the plaintiff in a workers' compensation claim to prove by competent evidence, "evidence of substance and consequence," all of the facts necessary to establish his claim, *Bartley & Senters Coal Company v. Hall*, Ky., 399 S.W.2d 696, 699 (1966). Further, although the workers' compensation evidence-gathering system is probably much less governed by technical rules than the civil court system, there has never been an intent that fundamental principles of judicial inquiry should not be followed or that evidence should not be presented in a manner and form authorized by customary legal procedure, *Black Mountain Corporation v. Williams*, 193 S.W.2d 416, 418 (1946). Liberal construction of the statute does not require liberal construction of the evidence or dispense with the duty of presenting the required

proof, *Blair Fork Coal Co. v. Blankenship*, Ky., 416 S.W.2d 716, 718 (1967). The burden of persuasion also goes with the plaintiff, and he must present a prima facie case, as well as overcoming the employer's conflicting evidence sufficiently to persuade the trier of fact to decide in his favor, *Roark v. Alva Coal Corp.*, 371 S.W.2d 856, 857 (1963).

> This is the crux of the matter in this claim. The plaintiff has not presented a prima facie case. At this point, almost two-thirds of the way through the "trial," the defendant has no real idea of what the plaintiff's case *is*, because our system does not use the extensive discovery which is such a valuable tool in modern civil litigation, and the plaintiff has not set forth his case through "proof." How can the defendant be asked to present "conflicting evidence" under these circumstances?

> It should be noted further that while on occasion in workers' compensation cases evidence has been admitted on rebuttal which is not, strictly speaking, rebuttal evidence, see: *Estill County Farm and Home Supply Co. v. Palmer*, 416 S.W.2d 752 (1967); *International Harvester Company v. Brown*, Ky., 286 S.W.2d 921 [920] (1956); *Perry McGlone Construction Co. v. Shaw*, 140 S.W.2d 829 (1940); *Nally, Ballard & Saltsman v. Richards*, 248 S.W.2d 918 (1952), there appears to be no reported case in which *all* the evidence was presented on rebuttal, thereby depriving the defendant of a chance to defend or present conflicting evidence.

> Since the plaintiff made no effort to file testimony establishing a prima facie case during the sixty-day period allowed, I have no discretion to grant additional time, *Elkhorn Coal Co. v. Bates*, 236 S.W.2d at 949, especially in light of the affirmative duty laid on me to process cases in a shorter time period than under previous rules.

We agree with the Board that given that no discovery was taken by the claimant within 60 days and the motion for extension of time was not made within 5 days

of the deadline sought to be extended, the ALJ did not abuse her discretion in dismissing the claim.

■ Therefore, in response to claimant's argument that KRS 342.270 and .275 and 803 KAR 25.011 § 5(5) and § 10(1) are mandatory and thus the prehearing conference and hearing must be held, like the Court of Appeals, we do not believe "shall" in the statutes or regulations was meant to decree that, in all cases, a hearing shall be held regardless of the circumstances. The holding of a conference and hearing contemplates that the process of discovery, proof-taking, and the delineation of issues will have already begun. The prehearing conference and hearing are to further hone the issues and to evaluate where the claim stands. If no proof is offered during the claimant's initial discovery period, those opposing the claim cannot be expected to marshal their defenses. The cancellation of the hearing conference and the denial of a hearing were not in contravention of statutes or regulations.

■ We are not compelled by claimant's explanation of confusion due to a new system to reverse the decision below regarding the simple mandate to timely file a motion for an extension of time, which could have saved this claim. 803 KAR 25:011 § 14(2) permits an extension of time upon a showing of circumstances preventing the party from timely taking discovery and requires a motion for an extension to be filed no later than five days before the proof deadline. The motion for extension

*and* supporting affidavits must clearly set forth (a) a showing of timely and diligent efforts by counsel to take the discovery or proof ... (b) the facts which prevent taking of the discovery or proof ... (c) the date of availability of the evidence needed and the probability of its production ... and (d) where possible, supporting documentation giving rise to the need for the extension. In addition to filing the motion for an extension five days *after* the proof time elapsed, claimant's motion was severely deficient in meeting the above prerequisites. The ALJ's denial of the motion for an extension was proper in light of the regulatory mandate, and she did not abuse her discretion in dismissing the claim.

We sympathize with claimant that he is now time-barred from refiling his claim, but we are unable to ignore the simple mandates of the regulatory scheme which serve expediency and order.

The opinion of the Court of Appeals is affirmed.

STEPHENS, C.J., and COMBS, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents.