Janice MAXEY, Appellant,

v.

**R.R. DONNELLEY AND SONS COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 92–CA–001978–WC.

Court of Appeals of Kentucky.

Aug. 13, 1993.

C. Derek Reed, Louisville, for appellant.

Joy D. Denton, Harned, Anderson & Bachert, Bowling Green, for appellee/R.R. Donnelley & Sons.

David R. Allen, Cathy Utley Costelle, Louisville, for appellee/Special Fund.

Before MILLER, SCHRODER and STUMBO, JJ.

STUMBO, Judge:

This appeal arises from a workers' compensation claim filed by Appellant, Janice Maxey (hereinafter "Maxey"), in which she alleged a work-related injury arising in the

course of her employment with Appellee, R.R. Donnelley and Sons Company (hereinafter "Donnelley"). Maxey's claim was dismissed by Appellee, Thomas A. Nanney, Administrative Law Judge (hereinafter "ALJ"), because she had not sustained her burden of proving she had suffered from any permanent occupational disability. Maxey appealed to the Workers' Compensation Board (hereinafter "Board") solely on the issue of whether the ALJ abused his discretion in refusing her the opportunity to present live testimony from her treating chiropractor, Dr. Woodward, D.C., at the hearing. The Board found no abuse of discretion, and affirmed. After reviewing the record and the law, we also must affirm.

Maxey filed her claim on March 1, 1991. A standard scheduling order was entered on March 11, 1991, which gave all parties 60 days (until May 10, 1991) to take proof, gave the defendants 30 days thereafter (until June 9, 1991), and gave Maxey an additional fifteen-day period (until June 24, 1991) to submit rebuttal proof.

However, Maxey submitted no proof during the initial period. She did serve an untimely motion for extension of time on May 15, 1991, which was received by the ALJ on May 17, 1991.[1] Meanwhile, on May 16, 1991, Donnelley had filed a motion to dismiss because of Maxey's failure to submit any proof. *See Cornett v. Corbin Materials, Inc.,* Ky., 807 S.W.2d 56, 59–60 (1991), which upheld a dismissal in similar circumstances. Maxey's motion for extension was sustained, and she was allowed until June 10, 1991, to submit proof, and defendants were allowed thirty days thereafter to submit their proof. Maxey submitted a deposition from her family physician, Dr. Hogan, on May 28, 1991. Donnelley subsequently filed Maxey's deposition and a deposition from a neurologist, Dr. O'Keefe.

Thereafter, on June 17, 1991, Donnelley simultaneously filed a notice of examination by another physician, Dr. Kasdan, for July 2, 1991, a notice of deposition of Dr. Kasdan for July 30, 1991, and a motion for extension of time until July 30, 1991, in order to take the deposition. An order allowing the extension of time was filed by the ALJ on July 1, 1991. Donnelley's preliminary witness list was filed on June 27, 1991, and included Dr. Kasdan, as did Donnelley's final witness list filed on July 3, 1991. Maxey's preliminary and final witness lists, which were both apparently received by the ALJ on July 5, 1991, made no mention of the chiropractor[2], although they did state "[t]he plaintiff reserves the right to amend this witness list as necessary." She also objected to Donnelley's June 17 motions.

The prehearing conference was held on July 10, 1991. Apparently, Maxey's counsel raised the possibility of having Dr. Hogan testify live at the hearing, but was advised he could not do so since he had already testified by deposition. 803 KAR 25:011 § 10(3). Maxey's counsel also received a copy of Dr. Kasdan's report at the conference. There was no mention of Dr. Woodward, nor any other effort by Maxey's counsel to extend her proof time based upon Dr. Kasdan's upcoming deposition.

Then, on July 23, 1991, the ALJ received Maxey's amended final list, which now included Dr. Woodward, along with the notation that Dr. Woodward "provided the opinion which was the basis for joining the Special Fund as a third party defendant." Donnelley objected. In her response, Maxey first raised her inability to review Dr. Kasdan's report at the prehearing conference as a basis for amending her witness list. The issue was passed to the hearing.

The hearing was held on August 5, 1991. At the hearing, the ALJ struck Maxey's amended witness list because Maxey made no effort prior to the prehearing confer-

---

1. As did the Board, we note Maxey's failure to comply with 803 KAR 25:011 § 3(3), requiring service of pleadings on the Commissioner.

2. We note that a report from Dr. Woodward was attached to Maxey's application for adjust-

ment of claim. It also was the basis for Donnelley's motion to join the Special Fund. Thus, there is no question that Maxey knew of this evidence prior to expiration of proof time.

ence to have Dr. Woodward listed as a witness. Maxey made no effort to offer an avowal.

■ The single issue on appeal is whether the ALJ abused his discretion in striking the amended list and preventing Dr. Woodward from testifying at the hearing. *See Searcy v. Three Point Coal Co.,* 280 Ky. 683, 688, 134 S.W.2d 228 (1939); *Cornett,* 807 S.W.2d at 59–60. We conclude that there was no abuse of discretion.

We are persuaded to this view primarily because Maxey made no effort before or at the prehearing conference to obtain an extension of her proof time. Once Donnelley's motion for extension of its proof time to take Dr. Kasdan's deposition was sustained on July 1, 1991, it was incumbent upon Maxey's counsel to preserve any possible rebuttal. While Maxey's counsel, at the August 5, 1991 hearing, argued that such a motion could not be made until a review of Dr. Kasdan's report was made; on the contrary, the inability to review the report was precisely the reason a motion for extension could have been granted. In fact, we note that the ALJ so indicated at the hearing. Having failed to preserve any possible rebuttal, which could include live testimony at the hearing, Maxey was properly foreclosed from presenting Dr. Woodward's testimony. *Id.*

■ Maxey makes several arguments in an effort to attack the ALJ's decision. She notes that she reserved the right to amend her witness list, which she argues should *allow her to* add Dr. Woodward as a witness. However, we note no regulatory nor statutory authority for such a "reservation." There are no exceptions noted regarding the timing of the exchange of known witnesses in the regulations. 803 KAR 25:011 § 8(1). We do note 803 KAR 25:011 § 8(8), which allows additional discovery or proof by deposition between the prehearing conference and the hearing on motion for good cause at the ALJ's discretion, but do not find it applicable to Maxey's situation because Dr. Woodward was a known witness. As a result, Maxey's attempted reservation is of no effect.

■ Substantial compliance is Maxey's second effort to avoid her failure to properly preserve her opportunity for rebuttal. Her argument fails because there has been no compliance with the regulation as regards Dr. Woodward. As a practical matter, we fail to understand why Maxey's counsel did not list Dr. Woodward as a *potential* witness from the beginning, even if he did not think he would need to call him. In any event, we are not persuaded by Maxey's argument that enforcement of the plainly written regulations against her erects an "artificial barrier" to her opportunity to present proof. Applied to its logical extreme, Maxey's argument would destroy all scheduling rules and statutes which might foreclose a claimant's case. Consequently, we reject Maxey's substantial compliance argument.

■ Finally, Maxey attacks the Board's decision based upon language contained in the opinion. First, she suggests that the Board improperly substituted its judgment in place of her counsel's judgment as to whether Dr. Woodward's testimony was necessary, or whether the two doctors deposed by Donnelley offered substantially the same evidence, since only her counsel was present "live" at the depositions. (The Board reasoned that because the testimony of Doctors O'Keefe and Kasdan was substantially similar, Maxey should have known she would need Dr. Woodward's testimony well before the expiration of her proof time.) Initially, we note that a review of the doctor's depositions discloses they are substantially similar in that neither found any impairment. Thus, the Board was correct in its analysis. Moreover, we think the argument is a red herring, since Maxey knew of Dr. Kasdan's deposition well in time to preserve the possibility of rebutting it, but failed to do so. In other words, as we previously held, when Maxey failed to preserve the possibility of rebuttal by either adding Dr. Woodward's name to her witness list initially or by making a timely motion for an extension of time, she was foreclosed from presenting the chiropractor's testimony.

Second, Maxey attacks the Board's conclusion that the amended witness list was limited to the question of Special Fund liability. Given the notation on Maxey's amended witness list, we do not think that the Board's conclusion is in error. Additionally, this argument is of the same caliber as Maxey's previous attack on the Board's language in its opinion. Thus, having failed to make any timely effort to preserve her right of rebuttal, Maxey was properly prevented from having Dr. Woodward testify at the hearing.

For the reasons set forth above, we affirm the Board's opinion, which affirmed the ALJ's opinion.

All concur.