NEW DIRECTIONS HOUSING
AUTHORITY, Appellant,

v.

Deborah WALKER; James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

Deborah Walker, Cross–Appellant,

New Directions Housing Authority; Hon. James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

No. 2003–SC–0711–WC,
2003–SC–0795–WC.

Supreme Court of Kentucky.

Nov. 18, 2004.

Mark R. Bush, O'Bryan, Brown & Toner, PLLC, Louisville, Counsel for Appellant/Cross–Appellee.

Eric M. Lamb, Lamb & Lamb, PSC, Louisville, Counsel for Appellee/Cross–Appellant.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) granted the employer's motion to dismiss the claimant's application for benefits on the ground that she failed to introduce any proof within the 60–day period set forth in the scheduling order. *Cornett v. Corbin Materials,* Ky., 807 S.W.2d 56 (1991). The Workers' Compensation Board (Board) affirmed. The Court of Appeals vacated, however, on the ground that it was unclear whether the ALJ exercised discretion or thought that *Cornett* required strict compliance with the deadlines for submitting proof, regardless of the circumstances. The Court directed the ALJ on remand to consider any extenuating and mitigating circumstances, to exercise discretion, and to make sufficient findings to permit a meaningful review. We affirm.

On January 25, 2002, the claimant filed an application for workers' compensation benefits in which she alleged work-related injuries of January 27, 2000, and October

13, 2000, to her cervical and lumbar spine. Attached to the application was a report from Dr. Ballard dated October 27, 2000. On February 15, 2002, the Commissioner of the Department of Workers' Claims issued a scheduling order indicating that proof-taking would commence, granting all parties 60 days from the date of the notice, granting the employer the following 30 days, and granting the claimant 30 days thereafter for rebuttal. Hence, the initial 60–day period expired on April 16, 2002.

On April 16, 2002, the employer took the claimant's deposition, at which time her attorney requested an extension of proof time and was advised to contact lead counsel for the defense. At the time, the claimant had failed to submit any proof in support of the claim. On that same day, she mailed a motion to hold the claim in abeyance or to extend proof time, serving a copy on the employer. Her motion was received and filed by the Department of Workers' Claims on April 18, 2002, two days after the 60–day period expired. The motion alleged that although Dr. Sherman, the claimant's treating physician, had indicated that she reached maximum medical improvement (MMI) in December, 2002, Dr. Sherman did not assign AMA impairment ratings and had referred the claimant to Dr. Villanueva. The motion asserted that there was now some question concerning whether she was at MMI and that although Dr. Villanueva had ordered tests, the employer's carrier refused to cover them, causing a delay and preventing her from having the results before April 16, 2002. The motion requested a 20–day extension of proof time to enable an evaluation of the claimant's impairment and to determine whether the claim was ready for adjudication or whether it should be held in abeyance. Attached to the motion were two February 21, 2002, reports from Dr. Sherman. In one of the reports, Dr. Sherman indicated

that the claimant was at MMI but that he did not perform AMA impairment ratings. He also indicated that the January, 2000, injury exacerbated pre-existing degenerative disc disease, making it symptomatic, and that the claimant might have recurrent exacerbations of her symptoms due to activity or changes in the weather.

On April 23, 2002, the employer objected to the motion, noting that the regulations require a motion for an extension of time to be filed no later than five days before the deadline sought to be extended. The employer asserted that the motion was untimely because it was not filed until two days after the claimant's proof time expired. Furthermore, the employer moved to dismiss the claim on the ground that the burden was on the claimant to present a *prima facie* case during the 60–day period or risk dismissal for lack of prosecution. *Cornett v. Corbin Materials, supra.* Yet, she failed to introduce any evidence before the period expired.

On April 26, 2002, the claimant filed medical reports from Dr. Sherman for the period February 10, 2000, through January 17, 2002, and a copy of the October 27, 2000, report from Dr. Ballard that had been attached to her application. In motions filed on April 30 and May 6, 2002, the employer moved to strike the evidence on the ground that it was filed after the claimant's proof time expired. It also asserted that the claimant's motion for an extension of proof time contained a number of allegations that were not supported by the required affidavits.

On May 6, 2002, the claimant filed a verified amended and supplemental motion to hold the claim in abeyance. The motion asserted that there had been an inadequate basis to hold the claim in abeyance until certain tests were performed and that the claimant's inability to produce the

necessary proof before the deadline was partially due to the carrier's refusal to pay for the testing. The motion also asserted that counsel had taken proof promptly "but happened not to file some of the proof before the 60 days, due to inadvertence." Arguing that the rule for extending proof time "is intended as a shield, not a sword," the claimant asserted that when medical developments occur shortly before the deadline and when "events occur within the five days preceding the expiration of proof which [give] rise to a cause for a motion," an exception to the rule is justified.

Summarizing the sequence of events, the ALJ noted that the claimant had filed no proof when her case in chief expired on April 16, 2002, but had the burden of establishing a *prima facie* case by that date. On that basis, ALJ relied upon *Cornett v. Corbin Materials, Inc., supra,* and granted the employer's motion to dismiss the claim. Furthermore, noting that the claimant had tendered Dr. Sherman's records and reports on April 26, 2002, ten days after her proof time expired, the ALJ granted the employer's motion to strike them. Finally, the ALJ noted that the claimant had filed a motion to hold the claim in abeyance or to extend proof time on April 18, 2002, but that 803 KAR 25:010E required such a motion to be filed at least five days before the deadline sought to be extended. Therefore, the ALJ overruled the motion on the ground that it was untimely.

Although the Board affirmed the decision, the Court of Appeals vacated and remanded the matter to the ALJ for further consideration. Relying on *Cornett, supra* at 59–60, the Court agreed with the Board that the resolution of the claimant's

motion for an extension of proof time and the employer's motion to dismiss the claim were matters within the ALJ's discretion. The Court noted, however, that the ALJ failed to address any of the extenuating circumstances set forth in the motion for an extension of time and response to the motion to dismiss. Stating that the claimant "should not be penalized because her injury flared up 'out of time,'" the Court determined that the circumstances "presented compelling reasons for imposing a less extreme sanction than dismissal—if indeed any sanction at all was warranted." The Court also noted that the ALJ failed to make any findings concerning what, if any, prejudice the employer suffered from the claimant's failure to meet the relevant deadlines. Absent any indication that the ALJ considered the circumstances, the Court questioned whether the ALJ exercised discretion when denying the claimant's motion and granting the employer's or whether the ALJ thought that such action was mandated. If the decision was the product of an exercise of discretion, the Court found the situation to be sufficiently distinguishable from *Cornett, supra,* as to require an explanation in order to permit a meaningful appellate review. On that basis, the Court remanded the matter to the ALJ to consider the circumstances surrounding the claimant's failure to comply with the scheduling order and to explain the rationale for the resulting conclusion.

■ At all pertinent times, 803 KAR 25:010 and 803 KAR 25:010E provided, in pertinent part, as follows: [1]

Section 8. Discovery, Evidence, and Exchange of Records.

**1.** 803 KAR 25:010 was amended effective January 14, 2002, and later replaced by 803 KAR 25:010E, which was filed on April 18, 2002, and effective until October 15, 2002. Although Section 29 indicates that the emergency regulation is retroactive to January 14, 2002, all three versions of Section 15 are identical.

(1) Proof taking and discovery for all parties shall begin from the date of issuance by the commissioner of the scheduling order.

(2)(a) Plaintiff and defendants shall take proof for a period of sixty (60) days from the date of the scheduling order;

(b) After the sixty (60) day period, defendants shall take proof for an additional thirty (30) days; and

(c) After the defendant's thirty (30) day period, the plaintiff shall take rebuttal proof for an additional fifteen (15) days.

. . . .

Section 15. Extensions of Proof Time.

(1) An extension of time for producing evidence may be granted upon showing of circumstances that prevent timely introduction.

(2) A motion for extension of time shall be filed no later than five (5) days before the deadline sought to be extended.

(3) The motion or supporting affidavits shall set forth:

(a) The efforts to produce the evidence in a timely manner;

(b) Facts which prevented timely production; and

(c) The date of availability of the evidence, the probability of its production, and the materiality of the evidence.

(4) In the absence of compelling circumstances, only one (1) extension of thirty (30) days shall be granted to each side for completion of discovery or proof by deposition.

(5) The granting of an extension of time for completion of discovery or proof shall:

(a) Enlarge the time to all:

1. Plaintiffs if the extension is granted to a plaintiff; and

2. Defendants if an extension is granted to a defendant; and

(b) Extend the time of the adverse party automatically except if the extension is for rebuttal proof.

In *Cornett v. Corbin Materials, supra,* the worker failed to file the required work and medical histories with his application for benefits. He failed to respond to the employer's request for any medical reports although at least one was made and failed to move for an extension of his proof time before it expired. Four days after the time for taking proof expired, he moved for leave to file into evidence a medical report that was not in the required form. Five days after the time for taking proof expired, he moved for a three-day extension of the time for taking proof.

The employer moved to dismiss the claim for failure to file any medical evidence within the allotted time. The worker maintained that he was confused by the new workers' compensation regulations. He asserted that he was not required to submit any proof until the hearing and that he was entitled to a prehearing conference and a hearing, regardless of his failure to introduce any evidence. Rejecting the arguments, the ALJ denied both motions and dismissed the claim. When reviewing the decision, the court also rejected the worker's arguments. Furthermore, the court noted that the worker offered no *prima facie* evidence within the allotted time and that his motion to extend proof time was both tardy and severely deficient before concluding that it was not an abuse of discretion for the ALJ to dismiss the claim under the circumstances. *Id.* at 60. The decision did not indicate that an ALJ was required to dismiss the claim of every worker who failed to present *prima facie* evidence within the initial proof time, regardless of the circumstances.

It has long been accepted that an ALJ has broad discretion to control the taking and presentation of proof in a workers' compensation proceeding. *Elkhorn Coal Co. v. Bates,* 314 Ky. 837, 236 S.W.2d 946, 949 (1951); *Searcy v. Three Point Coal Co.,* 280 Ky. 683, 134 S.W.2d 228, 231 (1939). Although a goal of Chapter 342 and the regulations is to facilitate the prompt and informal resolution of workers' compensation claims, they do not deprive an ALJ of the authority to make exceptions where warranted by circumstances that arise during litigation. In reviewing an exercise of discretion, the courts are mindful of the principle that just claims must not fall victim to procedural rules unless it is clearly necessary in order to prevent chaos. *Messer v. Drees,* Ky., 382 S.W.2d 209, 212 (1964).

As noted by the Court of Appeals, this case presents circumstances that are significantly different from those in *Cornett v. Corbin Materials, supra.* It is undisputed that the claimant failed to present even Dr. Sherman's reports within the 60-day period although they were prepared nearly two months before it expired. Her verified motion indicated, however, that medical developments close to the end of the period raised uncertainty about whether she had reached MMI. It also indicated that the delay in obtaining the necessary evidence was not entirely within her control, that the employer was at least partially responsible, and that she informed opposing counsel that she would be seeking an extension of time before the 60-day period expired. Therefore, the ALJ's failure to analyze the circumstances, including any prejudice to the employer, makes it unclear whether the decision to dismiss the claim resulted from an exercise of discretion or from the mistaken impression that the regulations and *Cornett v. Corbin Materials, supra,* permitted no discretion. For that reason, the claim must be re-manded for further consideration, for an exercise of discretion, and for an explanation that will permit a meaningful review.

The decision of the Court of Appeals is affirmed.

All concur.