RENDERED: JANUARY 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0513-WC

CRYSTAL HILL                                                        APPELLANT

PETITION FOR REVIEW OF A DECISION
v.       OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-01306

FORD MOTOR COMPANY;
HONORABLE PETER J. NAAKE,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE: Crystal Hill appeals the Workers' Compensation Board's April

9, 2021 opinion, affirming the Administrative Law Judge's (ALJ) order denying

her workers' compensation benefits. Finding no error, we affirm.

## BACKGROUND

Hill is 32 years old and has a high school education with some college credit. Her past work experience includes auto parts assembly, retail cashier, and customer service. She began working for Ford in April 2018. During her time there, she worked a wire loom job. In that position, she installed running boards for 200 to 220 SUV frames per shift. Her job included bending and twisting to place wires and pushpins, reaching overhead to place moon roof holes, and pushing and pulling a grommet with 80-85 pounds of force. Hill's work at Ford led to her injury and, ultimately, to a final hearing to determine whether she was entitled to workers' compensation benefits.

According to Hill's testimony at the final hearing, on November 20, 2018, the wires Hill needed to perform her job were not properly heated which would have made the looms more flexible, requiring her to exert more effort and resulting in Hill's injury. On that date, Hill was working with the loom when she felt a pop at the base of her neck, and pain in her right arm and lower back. She reported her complaints to Ford's on-site medical office.

At the hearing, medical and other records were admitted into evidence regarding Ford's medical treatment of Hill. Those records showed she complained of right-sided neck pain and right-hand pain, but without specific incident. At that

time, there was no reference to back pain. She was given Motrin and a cold compress. Eventually, Hill began complaining of back pain and was sent for a cervical CT scan. The CT scan showed "[n]on-compromising disc bulge C2/3 & C3/4[.]" Pain medication and muscle relaxers were prescribed. She continued to perform her job duties until September 2019 when she was placed on restrictions of no twisting, bending, grasping, pushing, pulling, or lifting over ten pounds.

Also admitted into evidence were depositions from two expert witnesses after separate, independent medical evaluations of Hill. Hill's doctor found "her symptoms crescendoed over the process of repetitively manipulating the materials which was made more difficult due to non-pliability resulting from available heaters not being functional." He assigned a 7% whole person impairment. On the other hand, Ford's doctor found Hill's medical problems were not related to a cumulative trauma; rather, she had a pre-existing condition of degenerative disc disease and congenital spinal stenosis.

An issue arose during the Hill's live testimony before the ALJ. During cross examination, counsel for Ford confronted Hill with her medical records. According to the records, Hill received no treatment, and complained of no pain, until December 20, 2018. Hill acknowledged she went to the on-site medical staff on December 20, but insisted she also went on November 20, despite the lack of medical or other documentation. She was even asked whether she

might have been confused about the date, but she insisted the injury occurred on November 20, 2018.

Because Hill's testimony conflicted with the documentary evidence, Hill's attorney asked to amend the date of injury stated on the Form 101 from November 20 to December 20, 2018. Ultimately, the ALJ denied the request. The ALJ found it inappropriate to change the date of injury at the final hearing but advised Hill's attorney that he still had time to file a new claim.

After the close of evidence, the ALJ entered an opinion and order dismissing Hill's claims for failure to prove a work-related injury. The ALJ found a lack of substantial evidence supporting Hill's claim that she sustained a back injury while performing her job duties. Additionally, the ALJ had doubts about Hill's credibility because she made inconsistent statements about how, and when, the injury occurred.

Unhappy with the outcome, Hill filed an appeal to the Workers' Compensation Board. The Board affirmed the ALJ's opinion and this appeal followed.

## **STANDARD OF REVIEW**

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing

-4-

the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In reviewing the Board's opinion, we look to the ALJ's opinion. The ALJ's findings of fact will not be disturbed if supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). And, the ALJ, as fact-finder, possesses the discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Our review proceeds accordingly.

## ANALYSIS

The ALJ, rather than the reviewing court, is the fact-finder. KRS[1] 342.285. Therefore, the ALJ has sole discretion to determine the weight, credibility, quality, character, and substance of evidence and any inferences to be drawn from the evidence. *Paramount Foods, Inc.*, 695 S.W.2d at 419. The ALJ has the discretion to choose whom and what to believe. *Addington Res., Inc. v. Perkins*, 947 S.W.2d 421, 422 (Ky. App. 1997). The ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it came from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Disc. Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

A party may identify to a reviewing court evidence which would support a conclusion contrary to the ALJ's decision, but such evidence can serve as

---

[1] Kentucky Revised Statutes.

the basis for reversal only when there is a total absence of substantial evidence to affirm it. *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974). "[A]n ALJ may pick and choose among conflicting medical opinions and has the sole authority to determine whom to believe." *Copar, Inc. v. Rogers*, 127 S.W.3d 554, 561 (Ky. 2003) (citing *Pruitt v. Bugg Brothers*, 547 S.W.2d 123 (Ky. 1977)).

Where the decision of the fact-finder is in opposition to the party with the burden of proof, that party bears the additional burden on appeal of showing that the evidence was so overwhelming it compelled a finding in his favor and that no reasonable person could have failed to be persuaded by it. *Mosely v. Ford Motor Co.*, 968 S.W.2d 675, 678 (Ky. App. 1998). To be clear, evidence must be so overwhelming that no reasonable person could reach the same conclusion as the ALJ. *Wolf Creek Collieries*, 673 S.W.2d at 736.

Hill argues the ALJ erred by: (1) not allowing her to amend the date of her injury; and (2) failing to find that substantial evidence compelled a decision in Hill's favor. After review of the record, we are not persuaded by Hill's arguments.

First, the ALJ did not commit legal error or abuse his discretion by denying Hill's motion to amend her Form 101 to conform to her testimony during the hearing. Although Hill's testimony and the form were consistent, both conflicted with all other evidence of Hill's claimed workplace injury. Apparently

-6-

recognizing the inconsistency, Hill's counsel, after questioning Hill and immediately before closing his case, moved the ALJ to amend the form to conform with the other proof, notwithstanding it would contradict Hill's testimony.

The ALJ ruled the motion untimely and denied it, stating:

> [T]here's been plenty of time to get the records of – any records you wanted to file and I don't see – you know, of course, we would have to reopen proof as to date of – any records you wanted . . . . [W]e would have to reopen proof as to date of – as to average weekly wage, all the other proof would have to be reconfigured to conform.

(Transcript of Hearing, Record (R.) at 245.) The ALJ then told Hill's counsel, "That said, you know, you still have time to file a new claim if there's a different – a different injury date . . . ." (*Id.*)

We agree with the ALJ that the motion was untimely. Furthermore, the motion bore on the presentation of evidence. The ALJ has broad discretion to control the taking and presentation of proof in a workers' compensation proceeding. *New Directions Housing Authority v. Walker*, 149 S.W.3d 354 (Ky. 2004). Hill's argument on this issue does not persuade this Court that the ALJ erred.

Second, Hill argues the ALJ's findings "are not supported by substantial evidence and a contrary conclusion is compelled." (Appellant's brief, p. 7.) We disagree.

As previously stated, the ALJ has discretion regarding the credibility of witnesses. *Paramount Foods, Inc.*, 695 S.W.2d at 419. The ALJ noted several inconsistences in Hill's testimony. Thus, he did not find Hill credible. Hill failed to prove a work-related injury occurred, in part, because she failed to prove when it occurred.

The ALJ also chose to rely on substantial evidence in the form of expert testimony that her injuries were pre-existing, not cumulative. Even though another doctor has a different opinion, it is not the function of this Court to re-weigh evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999). That function is the responsibility of the ALJ. *Pruitt*, 547 S.W.2d at 124.

Although there was substantial evidence in Hill's favor, we cannot say she directed this Court to any evidence in the record that would compel a different result than that supported by substantial evidence that countered her proof. The ALJ provided a thorough summary of the medical opinions and articulated his reasoning for the decision, all of which is supported by substantial evidence. Therefore, we affirm the ALJ's, and the Board's opinion.

## CONCLUSION

Based on the foregoing, we affirm the ALJ's and Workers' Compensation Board's opinions and orders.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Ched Jennings<br>Louisville, Kentucky | Joshua W. Davis<br>Priscilla C. Page<br>Louisville, Kentucky |