RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0389-WC

CARLSON ENVIRONMENT
CONSULTANTS                                                    APPELLANT

v.          PETITION FOR REVIEW OF A DECISION
         OF THE WORKERS' COMPENSATION BOARD
                ACTION NO. WC-18-01315

JEFFEREY LANE; HONORABLE
JOHN BARRY COLEMAN,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

COMBS, JUDGE: Appellant, Carlson Environmental Consultants (Carlson),

appeals from an opinion of the Workers' Compensation Board (Board) affirming

the decision of the Administrative Law Judge (ALJ). Carlson contends that the

claim should have been dismissed on procedural grounds and that the ALJ's

decision was not supported by substantial evidence. After our review, we disagree with these contentions and affirm.

On September 10, 2018, Lane filed an Application for Resolution of Injury Claim (Form 101) alleging a May 16, 2018, left shoulder injury as a result of tossing 50-pound bags of materials. To substantiate his claim, Lane submitted the July 10, 2018, Patient Care Summary/office note of Dr. Don Aaron.

The claim was initially assigned to ALJ Tanya Pullin. In November 2018, Lane underwent surgery by Dr. Aaron. On December 21, 2018, Carlson filed a December 18, 2018, letter report from Dr. Aaron stating that he could ***not*** say that Lane's left shoulder condition was related to or the result of an "on-the-job injury."

On January 8, 2019, ALJ Pullin placed the claim in abeyance. On September 3, 2019, Lane filed the Form 107 IME[1] report of Dr. Morgan Budde, who diagnosed a left inferior labral tear, left AC joint arthritis, and left subacrominal impingement syndrome. Dr. Budde assigned an 8% whole body impairment rating under the Fifth Edition American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA *Guides*), attributing the impairment rating to the work injury as described. According to Dr. Budde's Form 107 report, the history as related reflected that there was progressive left shoulder

---

[1] Independent Medical Exam.

soreness beginning in early 2018 and that there was no specific injury. Dr. Budde clarified that Lane had a dormant arthritic condition in his left shoulder, which was likely aroused by the physical work that he performed.

In October 2019, the claim was reassigned to ALJ Coleman. Carlson filed updated medical records from Dr. Aaron. On August 17, 2020, Lane moved to strike Dr. Aaron's reports/records on the ground that contrary to the applicable regulations, Dr. Aaron required a $1,500.00 non-refundable prepayment in order to give a deposition, effectively precluding Lane from exercising his right to cross-examine Dr. Aaron.[2]

By order entered August 31, 2020, the ALJ ruled as follows in relevant part:

> The ALJ notes that since [Dr. Aaron] is out-of-state,
> there is no jurisdiction to require the physician to testify
> or be subjected to the limitation of fees outlined in our
> regulations. Therefore, unless the defendant pays for the
> cost of cross examination, the medical opinions on
> causation or impairment cannot be considered as
> evidence by the ALJ. However, the treatment records
> themselves may be filed for their statistical content under
> the regulations. Therefore, the objection to the opinions
> of Dr. Aaron is sustained. The medical records may
> remain as filed. The opinion testimony of Dr. Aaron

[2] Kentucky Revised Statute (KRS) 342.033 provides in relevant part that "[a] party may introduce direct testimony from a physician through a written medical report. The report shall become a part of the evidentiary record, subject to the right of an adverse party to object to the admissibility of the report and to cross-examine the reporting physician." 803 Kentucky Administrative Regulation (KAR) 25:160(3) limits charges by medical providers for depositions in workers' compensation claims to "a maximum fee of $250 for the first one-half (1/2) hour of testimony, and a maximum fee of $100 for each one-quarter (1/4) hour increment thereafter."

must be entered by means of deposition testimony subject to cross-examination.

On September 15, 2020, Carlson filed a motion to dismiss, arguing as follows:

As the ALJ has stricken from the record all probative testimony from the treating surgeon Dr. Aaron, the claimant's Application [Form 101] officially has no medical documentation supporting the claim for income and medical benefits. . . . Here, the records attached to the F101 fail to establish any causal connection to a work related event. . . . As the claimant's F101 is and was deficient on its face pursuant to the mandatory requirements of 803 KAR 25:010 Section 7, the claim must be dismissed for failure to establish a prima facie claim for a work-related injury. This is regardless of the claimant's IME not having an accurate injury history when rendering opinion on causation.

By order entered September 25, 2020, ALJ Coleman explained that:

The defendant argues the plaintiff's claim should be dismissed as the application for benefits was not supported by a medical opinion supporting causation. The defendant argues the medical evidence supporting the claim has a faulty history. The ALJ has yet to make findings of fact on the claim regarding what the correct history is. Therefore, the motion to dismiss is currently overruled.

Ultimately, Carlson took Dr. Aaron's deposition on February 19, 2021. On cross-examination, Dr. Aaron testified that although he could not say that Lane's shoulder condition was work-related, he could not say that it was ***not*** work-related.

-4-

On April 16, 2021, Lane filed the IME report of Dr. Jeffrey Fadel as direct testimony. Dr. Fadel opined that Lane had preexisting dormant acromioclavicular arthritis of the left shoulder aroused by the actions at work on May 16, 2018, and assigned a 10% whole person impairment rating under the AMA *Guides*.

On July 15, 2021, a final hearing was conducted by Zoom. On September 8, 2021, ALJ Coleman rendered an opinion and award as follows in relevant part:

> In this instance, I am persuaded by the opinion of Dr. Fadel that Lane is afflicted with acromioclavicular arthritis of the left shoulder which was aroused by the work-related events occurring on or about May 16, 2018. As such, the issue of causation, work-relatedness and injury as defined by the Act are resolved in favor of Lane. I recognize that the treating physician was unable to state whether or not the work activities described by Lane was [*sic*] the inciting factor. However, Lane's credible testimony describes the onset of symptoms occurring at that time. Dr. Budde and Dr. Fadel both agreed that Lane's condition was the result of arousal of pre-existing changes into disabling reality.

ALJ Coleman denied Carlson's motion to dismiss the claim on procedural grounds:

> Carlson has preserved its motion to dismiss to be revisited in the final decision in this claim. Carlson argues that Lane's claim should have been dismissed for failure to present medical evidence on causation within reasonable proof time. The Administrative Law Judge notes this claim was filed on September 10, 2018, with

-5-

Lane alleging a work injury occurring in Kentucky on May 16, 2018. The application notes that Lane was treating for the left shoulder injury with Dr. Aaron, an out-of-state physician. It is also noted Lane lives out of state in Garfield, Georgia. The matter was originally assigned to Administrative Law Judge Tanya Pullin . . . . On September 3, 2019, Lane filed the medical report of Dr. Morgan Budde, making out a prima facie case for causation and impairment. While still in abeyance, the matter was transferred to the undersigned Administrative Law Judge on October 15, 2019. . . . The treatment records of Dr. Aaron were allowed to be filed but opinion evidence was stricken pending either party taking the deposition of this out-of-state physician. Several delays ensued and the deposition of the out-of-state physician was ultimately taken by Carlson. Meanwhile, Lane obtained a second medical evaluation that confirmed causation of the left shoulder condition. Carlson argues that the procedural history of the claim demands dismissal. However, it appears that the claim was delayed due to Carlson's refusal to accept responsibility for the claim based upon statements from lay witnesses regarding how the injury occurred. The prior Administrative Law Judge placed the matter in abeyance pending treatment and Lane submitted medical evidence supporting his claim. The parties were afforded ample opportunity during the pandemic in which to obtain medical evaluations or ultimately take the deposition testimony of the treating physician. All of these things occurred in order to afford both parties the opportunity to proceed. The Administrative Law Judge notes Carlson chose to rely on the lay witnesses and the testimony of the treating surgeon while Lane chose to rely on his own testimony, the opinion evidence from two medical evaluators and, in part, on the testimony of the treating surgeon. The Administrative Law Judge notes that both parties have been given the right to complete their evidence despite the complications from having out-of-state parties and the interruption of the Covid-19 pandemic. The motion to dismiss is overruled.

The ALJ awarded Lane income benefits for temporary total and permanent partial disability and medical expenses for his left shoulder injury pursuant to KRS 342.020. Both parties filed petitions for reconsideration which the ALJ denied by order entered on October 5, 2021.

On October 7, 2021, Carlson filed its notice of appeal to the Board. The thrust of Carlson's first argument to the Board was that ALJ Coleman had committed reversible error in disregarding previous "rulings" that ALJ Pullin had made from the bench to the effect that the employer need not secure additional medical proof in light of Dr. Aaron's opinion. Carlson contended that "it does not make sense" for the "faulty opinions" of Lane's IME physicians to carry more weight than Dr. Aaron's opinion testimony. Carlson also argued that both Dr. Aaron's and Lane's testimony undercut the ALJ's "thesis" that Lane had a dormant condition aroused into disabling reality.

By opinion rendered on March 11, 2022, the Board affirmed. The Board explained that there are no video or audio recordings at BRCs (Benefit Review Conference) or status conferences[3] and that "a conversation between the ALJ and counsels [*sic*] is strictly that and clearly cannot be viewed as an Order."[4]

---

[3] 803 KAR 25:010 Section 13(7) provides that "[a] transcript of the BRC shall not be made."

[4] At pages 7-8 of its opinion, the Board reviewed the *written* orders that ALJ Pullin had filed. It is noteworthy that on December 10, 2018, ALJ Pullin passed Carlson's motion to dismiss to the BRC; on January 4, 2019, ALJ Pullin passed another motion to dismiss to the BRC; and on September 30, 2019, ALJ Pullin **denied** another of Carlson's motions to dismiss the claim.

The Board determined that any issue regarding orders striking Dr. Aaron's opinion testimony was moot because Dr. Aaron's deposition had been taken and was filed into evidence. The Board concluded that there was "no reversible error in the rulings" by ALJ Coleman.[5]

On April 8, 2022, Carlson filed a petition for review on appeal to this Court. On April 27, 2022, Lane filed a response. On May 9, 2022, Carlson filed a motion for leave to submit a reply to Lane's response, which we grant by separate order.

Our role in reviewing an appeal from the Workers' Compensation Board is limited.

> The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.

*Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

Carlson first argues that "the ALJ's striking Dr. Aaron's records and opinions should have resulted in the dismissal of [the] claim." It reasons that the medical record upon which Lane relied and which he filed in support of his Form

---

[5] In its brief to the Board, Carlson also argued that Lane failed to provide due and timely notice; that issue was not raised on appeal to this Court.

101 (as required by 803 KAR 25:010[6]) was from Dr. Aaron. Carlson submits that ALJ Coleman's failure to dismiss the claim requires reversal as a matter of law. We do not agree.

As ALJ Coleman noted, Lane had filed Dr. Budde's report on September 3, 2019, making out a *prima facie* case for causation and impairment -- **before** the case was reassigned and well before entry of the August 31, 2020, order striking any opinions contained in Dr. Aaron's records.

> It has long been accepted that an ALJ has broad discretion to control the taking and presentation of proof in a workers' compensation proceeding. Although a goal of Chapter 342 and the regulations is to facilitate the prompt and informal resolution of workers' compensation claims, they do not deprive an ALJ of the authority to make exceptions where warranted by circumstances that arise during litigation.

*New Directions Housing Authority v. Walker*, 149 S.W.3d 354, 358 (Ky. 2004) (citations omitted). Thus, there was no abuse of discretion in ALJ Coleman's denial of Carlson's motion(s) to dismiss.

Next, Carlson contends that Lane failed to prove that his injury was work-related. Again, we disagree.

> In a workers' compensation case, the claimant has the burden of proving every element of her claim. The ALJ

---

[6] 803 KAR 25:010 Section 7(d) requires that a medical report be filed with the Form 101 which includes: "1. A description of the injury that is the basis of the claim; [and] 2. A medical opinion establishing a causal relationship between the work-related events or the medical condition that is the subject of the claim[.]"

has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's total proof.

Where the party with the burden of proof was successful before the ALJ, the issue on appeal is whether substantial evidence supported the ALJ's conclusion. . . .

Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men.

*French v. Rev-A-Shelf*, 641 S.W.3d 172, 177-78 (Ky. 2022) (internal quotation marks and citations omitted).

In the case before us, the evidence conflicting. As was his prerogative, the ALJ was persuaded by Dr. Fadel's opinion and found Lane's testimony regarding the onset of symptoms to be credible. Although another ALJ may have decided this case differently, ALJ Coleman's decision is supported by substantial evidence, and we may not disturb it on appeal.

Accordingly, we affirm.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE JEFFEREY LANE: |
|---|---|
| James Compton<br>Lexington, Kentucky | Ched Jennings<br>Louisville, Kentucky |